IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE FREMONDE, et al,

      Plaintiff,                       No. CIV S-03-1872  CMK

      vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.         ORDER

_____/

      Plaintiffs, Jose Fremonde and his father Juan Fremonde, bring this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security ("Commissioner") final decision that, due to a retroactive suspension, Jose Fremonde had been overpaid supplemental security income ("SSI") benefits. The parties have filed cross motions for summary judgment. As both parties have consented to magistrate jurisdiction[1], the motions are before the undersigned for decision. For the reasons reflected below, plaintiff's motion is DENIED and the Commissioner's motion is GRANTED.

---

[1] Plaintiff initially did not consent to magistrate jurisdiction, and the action was assigned to a District Court Judge. On September 22, 2004, plaintiff filed a consent to proceed before a Magistrate Judge, and both the assigned District Court Judge and the Magistrate Judge approved the reference. (Doc. 18.)

## I. BACKGROUND

Plaintiff Jose Fremonde ("claimant) received SSI benefits under Title XVI of the Social Security Act. (Tr. 96.) His father, plaintiff Juan Fremonde, was the payee for the benefits. (Tr. 25.) On November 15, 2001, the Social Security Administration ("Agency") notified claimant and his father, Jose Fremonde, that it would stop SSI payments for the period commencing September 1, 1999. (Tr. 81-87, 96.) The notice explained that the Agency could not continue to pay claimant benefits because from September 1999 on he was a person fleeing prosecution for a felony charge. (Tr. 96.) The Agency's conclusion that claimant was a person fleeing prosecution for a felony charge stemmed from claimant's arrest in Florida in 1991 on a charge of having a trace amount of cocaine. (Tr. 93.) The Agency later notified claimant that, due to the retroactive suspension of his SSI benefits, he had been overpaid $18, 859.00 (Tr. 64.) Claimant requested reconsideration, and the Agency found that its initial determination was correct. (Tr. 66.) A hearing was held before an administrative law judge ("ALJ") on January 16, 2003.

At the hearing before the ALJ, claimant was represented by his father, Juan Fremonde. (Tr. 25.) The ALJ received several documents into evidence, including claimant's arrest warrant from Florida and the complaint affidavit. (Tr. 28-29.) Claimant's father testified at the hearing that he and claimant lived in a residence with two other persons. (Tr. 35.) Claimant's father stated that during an illegal search, the police seized a small, clear vial, which was tested and found to contain a trace of cocaine. (Tr. 34-34.) Claimant's father stated that although possession of the vial was attributed to claimant, it was he (the father) who was actually the owner of the vial. (Id.) After determining that the vial contained trace amounts of cocaine, claimant was arrested. (Tr. 36.) He was taken to the county jail and placed in the psychiatric ward. (Id.) After approximately four days, claimant was released on his own recognizance on the condition that claimant attend a drug rehabilitation program. (Tr. 36-37.)

///

1    Claimant's father testified that the drug rehabilitation program was a "pay
2 program." (Tr. 37.) Plaintiff did not attend classes at the program and only gave a urinalysis.
3 (Tr. 45.) At that time, claimant was receiving Medicaid and, as claimant's father was the payee,
4 the program contacted the father regarding payment through Medicaid. (Tr. 37.) Claimant's
5 father testified that he "kept giving excuses," because he felt that using Medicaid to pay for the
6 treatment would be "defrauding Medicaid" because claimant did not need drug treatment. (Id.)
7 Claimant was then sent a notice that he was to appear for arraignment on the felony drug charge,
8 and that there would be court costs. (Id.) Claimant's father decided to remove claimant from the
9 jurisdiction and took claimant to New York. (Tr. 37-38.) Claimant's father testified that one of
10 the reasons he moved with claimant to New York was that New York did not recognize Florida
11 warrants of the type issued for claimant. (Tr. 39.) Claimant and his father then moved to
12 Pennsylvania and then to California. (Id.)

13    Claimant testified that he agreed with his father's testimony. (Tr. 44-45.)
14 Claimant confirmed that he had received a notice to appear for arraignment and that he did not
15 appear for such because, as his father testified, claimant and his father believed that the charge
16 against claimant was unconstitutional and not valid under Florida law. (Tr. 46, 31, 37-38.)
17 Claimant agreed that he moved from Florida to New York and never appeared for his
18 arraignment. (Tr. 46.)

19    The ALJ left the record open for ten days for claimant's father to provide records
20 from the county welfare office, specifically whether the office communicated with Pinellas
21 County in Florida, which issued claimant's warrant, any response that Pinellas County provided,
22 and any written records. (Tr. 47.)

23    In a written decision dated February 25, 2003, the ALJ found that claimant was a
24 fugitive felon, that neither claimant nor his father, the payee, had submitted any evidence that the
25 warrant from Florida was cleared and that the suspension action was proper. The decision of the
26 ///

ALJ became final when the Appeals Council denied plaintiff's request for a review on July 7, 2003. The plaintiff filed a timely appeal in this court on September 9, 2003.

## II. STANDARD OF REVIEW

The standard of review of the ALJ's decision is whether the determination made is supported by substantial evidence on the record as a whole. See Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).

## III. DISCUSSION

Plaintiffs contend that the ALJ erred in his finding that the suspension of claimant's SSI benefits was proper. Plaintiffs first argument is that claimant is not a "fleeing" person under the Agency's regulations. The Social Security Act prohibits the payment of SSI benefits to any person who is "fleeing to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which the person flees, for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the person flees." 42 U.S.C. § 1382(e)(4)(A). The Agency's regulations also provide that SSI benefits should be suspended during any month in which an individual is fleeing to avoid prosecution. 20 C.F.R. 416.1339(a)(2004). The Agency's Programs Operations Manual System ("POMS")[2] defines a fleeing person as follows:

> As long as a United States warrant or court order is active [the Agency] considers an individual to be "fleeing" for SSI eligibility determination purposes. This is true even if the law enforcement agency is unwilling to extradite.... Although the warrant may not specifically state that the individual is a fugitive or that the individual is fleeing, the [Agency] still considers the individual to be "fleeing" for SSI eligibility criteria of the fugitive felon provisions until the warrant is resolved.

---

[2] The Commissioner relies on the POMS description of fleeing because there is no definition of the term "fleeing" in either the applicable statutes or regulations. (Resp't Cross Mot. for S.J. at 7:15-17.)

POMS, § SI 0530.030. Because this is a reasonable Agency interpretation of the Agency's own regulations and not clearly erroneous or inconsistent with the Social Security Act or regulations, the court must defer to this construction of the fleeing felons statute. See <u>Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 842-45 (1984).

The ALJ's determination that claimant is a fleeing felon and that there was no basis for overturning the suspension action is supported by substantial evidence in the record. The ALJ considered claimant's actual arrest warrant, which was issued by Pinellas County, Florida Criminal Division. (Tr. 17.) The ALJ noted the documented communications between the Sacramento County Human Assistance Agency and a fugitive clerk with the Pinellas County Sheriff's Department, which confirmed that claimant had an active outstanding arrest warrant for possession of cocaine. (<u>Id.</u>) He found that this demonstrated that the warrant for claimant is still active. (<u>Id.</u>) The ALJ recognized that claimant's father disputed the merits of the outstanding warrant and the charges against claimant, but stated that claimant had not provided any evidence that the warrant was cleared. (<u>Id.</u>) Further, plaintiffs testified that they were aware that an arraignment date had been set for plaintiff, and left the jurisdiction to avoid appearing. (Tr. 37-38, 46.)

Plaintiffs continue to challenge the underlying merits of the arrest and outstanding warrant. However, as the ALJ noted, this does not change the fact that an outstanding warrant exists, and any challenge to the merits of the warrant necessarily lies in the Pinellas County, Florida courts. In other words, as long as there is an outstanding warrant for claimant, he is not eligible for SSI benefits, regardless of the underlying merits of the warrant. Neither an ALJ nor a district court in the Ninth Circuit have the authority to adjudicate the underlying merits of claimant's outstanding warrant. Accordingly, the undersigned affirms the decision of the ALJ that plaintiff is a "fleeing felon" and suspension of his SSI benefits is correct.

Plaintiff next argues that the ALJ was unlawfully biased towards his employer, the

5

Agency. The Ninth Circuit has held that ALJ's are presumed to be unbiased and that "a claimant may rebut this presumption if he or she provides a showing of conflict of interest or some other specific result for disqualification." See <u>Rollins v. Massanari</u>, 261 F.3d 853, 857-58 (9th Cir. 2001). Plaintiffs have provided no evidence beyond their conclusory statements that would rebut the presumption that the ALJ was unbiased. Accordingly, the undersigned rejects this claim.

Plaintiff's final claim is that claimant was not afforded his due process rights with respect to the termination of his benefits. However, the evidence fails to support this claim. Plaintiff was afforded an opportunity for a hearing before an ALJ. See <u>Goldberg v. Kelly</u>, 397 U.S. 254, 267-68 (1970) (stating that the fundamental requisite of due process is the opportunity to be heard.) Accordingly, as there is no evidence in the record which supports plaintiff's contention that his due process rights were violated, the undersigned affirms the ALJ's decision.

**IV.     CONCLUSION**

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross motion for summary judgment is granted.

DATED: May 26, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE